Ryan Thompson (#296841)
rthompson@wattsguerra.com
WATTS GUERRA LLP
525 South Douglas Street, Suite 260
El Segundo, California 90245
Telephone: (424) 220-8141
Facsimile: (424) 732-8190

Richard M. Paul III (*pro hac vice* forthcoming)
paul@paulmcinnes.com
Jack D. McInnes (*pro hac vice* forthcoming)
mcinnes@paulmcinnes.com
PAUL McINNES LLP
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Facsimile: (816) 984-8101

[Additional Counsel on Signature Page]

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| DEREK GIBBINS, individually and on behalf of similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>HISHMEH ENTERPRISES, INC.,<br><br>Defendant | Case No.:<br><br>**COMPLAINT FOR DAMAGES, CLASS AND COLLECTIVE ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Derek Gibbins, individually and on behalf of all other similarly situated delivery drivers, for his Complaint against Defendant, alleges as follows:

1. Defendant Hishmeh Enterprises, Inc. operates approximately 70

**Complaint for Damages**

Domino's franchise stores in California and Arizona. Defendant employs delivery drivers who use their own automobiles to deliver pizza and other food items to its customers. Instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendant uses a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the federal and California minimum wages during some or all workweeks.

2. Plaintiff Derek Gibbins brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and as a class action under California state law to remedy wage and hour violations by Defendant, who engaged in a pervasive and unlawful scheme to deprive its employees of the protections granted them under federal and California wage and hour law.

## Jurisdiction and Venue

3. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's claims is based on 29 U.S.C. § 216(b), 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (pendent claims).

4. Venue in this District is proper under 28 U.S.C. § 1391 because Defendant maintains its principal place of business in this District, Defendant operates Domino's franchise stores in this district, Defendant employed Plaintiff in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## Parties

5. Defendant is a California corporation maintaining its principal place of business in Ventura, California, which is located within the Western Division

of the Central District of California.

6. Plaintiff Derek Gibbins has been employed by Defendant since approximately May 2013 as a delivery driver at its Domino's store in Oxnard, California, which is located within the Western Division of the Central District of California. Plaintiff Gibbins' Consent to Become a Party Plaintiff under 29 U.S.C. § 216(b) is attached hereto as Exhibit 1.

## General Allegations

### *Defendant's Business*

7. Defendant owns and operates approximately 70 Domino's franchise stores in California and Arizona.

8. Defendant's Domino's stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

### *Defendant's Flawed Reimbursement Policy*

9. Defendant requires its delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

10. Defendant's delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses (collectively "automobile expenses") while delivering pizzas for the primary benefit of Defendant.

11. Defendant's delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but given the distance of the average delivery the per-delivery reimbursement equates to a per mile rate far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendant's delivery drivers.

12. The result of Defendant's delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its drivers' automobile expenses.

13. During the applicable limitations period, the IRS business mileage reimbursement rate has ranged between $.51 and $.575 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a sedan vehicle ranged between $.585 and $608 per mile between 2011 and 2014 for drivers who drive a sedan about 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

14. The Division of Labor Standards Enforcement ("DLSE"), the state agency authorized to enforce California's labor laws, accepts the IRS business mileage reimbursement rate as the reasonable per-mile cost of driving a vehicle. *See* DLSE Opinion Letter No. 1994.09.14, p.1 ("[T]he DLSE has long recognized the IRS rate for automobile reimbursement as a presumptively reasonable rate.").

15. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendant's delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

16. Defendant's reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendant uniformly fails to reimburse its delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendant's benefit.

17. Defendant's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendant such that the hourly wages it pays to Plaintiff and Defendant's other delivery drivers are not paid free and clear of all outstanding obligations to Defendant.

18. Defendant fails to reasonably approximate the amount of its drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the federal and state minimum wage requirements.

19. In sum, Defendant's reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

*Defendant's Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

20. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal and state minimum wage.

21. Plaintiff has been paid exactly the California minimum wage per hour during his employment with Defendant.

22. The federal minimum wage has been $7.25 per hour since July 24, 2009; further, the California minimum wage was $8.00 per hour from the beginning of the class period until June 30, 2014. It increased to $9.00 per hour effective July 1, 2014.

23. Plaintiff has driven a 2006 Dodge Stratus and a 2008 Hybrid Mercury Mariner SUV while delivering pizzas for Defendant.

24. During Plaintiff's employment by Defendant, the per mile reimbursement rate at the store where Plaintiff worked has been approximately $1.00 per delivery, although he receives approximately $2.00 per delivery for special 15 to 20 mile drives to the Point Mugu Naval Base.

25. During his employment with Defendant, Plaintiff has experienced an average delivery distance of approximately 4 miles per delivery, excluding deliveries to the Point Mugu Naval Base.

26. Thus, during his employment, Defendant's average effective reimbursement rate for Plaintiff has been approximately $0.25 ($1.00 per delivery / 4 miles per delivery), and its reimbursement rate has been even less for deliveries to the Point Mugu Naval Base ($2.00 / 15 miles = $.133 per mile).

27. Currently, the IRS business mileage reimbursement rate is $.575 per mile, which reasonably approximates the automobile expenses incurred delivering pizzas. Using the IRS rate as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by approximately $.325 ($.575 - $.25) per mile. Considering Plaintiff's estimate of about 4 miles per delivery, Defendant has under-reimbursed him about $1.30 per delivery ($.325 x 4 miles).

28. Defendant does not ask Plaintiff to track his actual automobile expenses, nor is he an expert in the field of calculating the cost of automobile usage. However, Plaintiff's actual automobile expenses are at the very least $.49 per mile based on the true cost of owning a car calculated by Edmunds.com for comparable vehicles and based on driving 15,000.00 per year. Using even this conservative under-estimate of Plaintiff's actual expenses, as opposed to the applicable IRS rate, every mile driven on the job

decreases his net wages by about $.24 ($.49 - $.25), or about $.96 ($.24 x 4 miles) per delivery.

29. During his employment by Defendant, Plaintiff has typically averaged approximately 2½ deliveries per hour.

30. Thus, depending on whether Defendant's reimbursement rate is compared to the IRS rate or to a conservative under-estimate of Plaintiff's actual expenses, Plaintiff consistently "kicks back" to Defendant between approximately $2.40 per hour ($.96 per delivery x 2.5 deliveries per hour) and $3.25 ($1.30 per delivery x 2.5 deliveries per hour), for an effective hourly wage rate of about $5.75 ($9.00 per hour - $3.25 kickback) to about $6.60 ($9.00 per hour - $2.40 kickback).

31. All of Defendant's delivery drivers have similar experiences to those of Plaintiff. They are subject to the same reimbursement policy; receive similar reimbursements; incur similar automobile expenses; complete deliveries of similar distances and at similar frequencies; and are paid at or near the federal or state minimum wage before deducting unreimbursed business expenses.

32. Because Defendant pays its drivers a gross hourly wage at precisely, or at least very close to, the federal and state minimum wage, and because the delivery drivers incur unreimbursed automobile expenses, the delivery drivers "kick back" to Defendant an amount sufficient to cause minimum wage violations.

33. While the amount of Defendant's actual reimbursements per mile may vary over time, Defendant is relying on the same flawed policy and methodology with respect to all delivery drivers at all of its other Domino's stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

34. Defendant's low reimbursement rates are a frequent complaint of at least some of Defendant's delivery drivers, including Plaintiff, yet Defendant continues to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

35. The net effect of Defendant's flawed reimbursement policy is that it willfully fails to pay the federal and state minimum wage to its delivery drivers. Defendant thereby enjoys ill-gained profits at the expense of its employees.

## Class and Collective Action Allegations

36. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

37. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

38. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay employees federal and state minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential class members may be notified of the pendency of this action via mail.

39. Plaintiff and all of Defendant's delivery drivers are similarly situated in that:

   a. They have worked as delivery drivers for Defendant delivering pizza and other food items to Defendant's customers;

   b. They have delivered pizza and food items using automobiles not owned or maintained by Defendant;

   c. Defendant required them to maintain these automobiles in a safe, legally-operable, and insured condition;

  d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendant;

  e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

  f. They were subject to the same pay policies and practices of Defendant;

  g. They were subject to the same delivery driver reimbursement policy that unreasonably underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal and state minimum wage in some or all workweeks;

  h. They were reimbursed similar set amounts of automobile expenses per delivery; and

  i. They were paid at or near the federal or state minimum wage before deducting unreimbursed business expenses.

40. Plaintiff brings Count II through IV as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the Class Representatives of the following persons (the "Class"):

> All current and former delivery drivers employed by Defendant in the State of California since the date four years preceding the filing of this Complaint.

41. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the Class.

42. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

43. The Class satisfies the numerosity standard as it consists of at least

hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

44. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendant's actions include, without limitation:

    a. Whether Defendant failed to adequately reimburse Class members for using their own vehicles to deliver Defendant's pizzas and other food items,

    b. Whether Defendant failed to pay Class members the minimum wage required by California law, and

    c. Whether Defendant's formula and/or methodology used to calculate the payment of reimbursement for vehicle expenses resulted in under-reimbursement of the Class members.

45. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

46. Plaintiff's claims are typical of those of the Class in that:

    a. Plaintiff and the Class have worked as delivery drivers for Defendant delivering pizza and other food items to Defendant's customers;

    b. Plaintiff and the Class delivered pizza and food items using automobiles not owned or maintained by Defendant;

    c. Defendant required Plaintiff and the Class to maintain these automobiles in a safe, legally-operable, and insured condition;

    d. Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendant;

    e. Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

    f. Plaintiff and the Class were subject to the same pay policies and practices of Defendant;

    g. Plaintiff and the Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the state minimum wage in some or all workweeks;

    h. Plaintiff and the Class were reimbursed similar set amounts of automobile expenses per mile; and

    i. Plaintiff and the Class were paid at or near the California minimum wage before deducting unreimbursed business expenses.

47. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the Class.

48. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interest of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

49. Maintenance of this action as a class action is superior to other available

methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

50. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### Count I: Violation of the Fair Labor Standards Act of 1938

51. Plaintiff reasserts and re-alleges the allegations set forth above.

52. Defendant is subject to the FLSA's minimum wage requirements because it is an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

53. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

54. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

55. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

- 12 -
**Complaint for Damages**

56. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

57. As alleged herein, Defendant has reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

58. Defendant knew or should have known that its pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

59. Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiffs and other similarly situated employees.

60. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendant's stores.

61. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiffs join this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

62. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of

unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant is not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

63. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment against Defendant and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### COUNT II: Violation of California Labor Code § 2802

64. Plaintiff reasserts and re-alleges the allegations set forth above.

65. Labor Code § 2802(a) provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties …"

66. At all relevant times herein, Defendant, by virtue of its mileage reimbursement policies and practices, failed to indemnify Plaintiff and the Class appropriately for all necessary automobile expenses that Plaintiff and the Class incurred while performing work for Defendant.

67. Plaintiff and the Class incurred substantial out-of-pocket losses because of Defendants' failure to reimburse Plaintiff and the Class appropriately for all necessary automobile expenses that Plaintiff and the Class incurred while

performing work for Defendant. To date, Defendant has failed to indemnify Plaintiff and the Class for these out-of-pocket losses.

68. Under Labor Code § 2802(c), Plaintiff and the Class are entitled to recover all reasonable costs, including attorneys' fees, incurred in enforcing their rights granted by Labor Code § 2802.

WHEREFORE, Plaintiff and the Class demand judgment against Defendant and request: (1) indemnification to Plaintiff and the Class for necessary expenditures or losses they incurred in the direct consequence of the discharge of their duties for Defendant; (2) attorneys' fees and costs as allowed by Section 2802(c) of the Labor Code; (3) pre-judgment and post-judgment interest as provided by law; and (4) such other relief as the Court deems fair and equitable.

**COUNT III:  Violation of California Labor Code §§ 1194, 1194.2, 1197, 1197.1, and IWC Minimum Wage Order and Wage Order No. 5**

69. Plaintiff reasserts and re-alleges the allegations set forth above.

70. Pursuant to Labor Code §§ 1194, 1194.2, 1197, and 1197.1, it is unlawful for an employer to suffer or permit a California employee to work without paying wages at the proper minimum wage for all time worked, as required by the applicable IWC Minimum Wage Order and Wage Order No. 5.

71. At all relevant times herein, Plaintiff and the Class nominally performed work for at or near the California minimum wage.

72. At all relevant times herein, Defendant continually failed to reimburse Plaintiff and the Class for all necessary, automobile expenses that Plaintiff and the Class incurred while performing work for Defendant, causing the total hourly compensation paid to Plaintiff and the Class continually to fall below the state minimum wage.

73. At all relevant times herein, under the provisions of the IWC Wage

Orders, Plaintiff and the Class should have received not less than the minimum wage in a sum according to proof for the time worked but not compensated.

74. For all time that Plaintiff and the Class worked and received less than the state minimum wage, they are entitled to no less than the state minimum wage, and pursuant to Labor Code § 1194.2(a), liquidated damages in an amount equal to the unpaid minimum wage and interest thereon. Pursuant to Labor Code § 1194, Plaintiff and the Class are also entitled to their attorneys' fees, costs, and interest according to proof.

WHEREFORE, Plaintiff and the Class demand judgment against Defendant and request: (1) payment of minimum wage in an amount according to proof; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 1194.2(a) of the Labor Code; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## COUNT IV:  Violation of California Business & Professions Code § 17200, et seq.

75. Plaintiff reasserts and re-alleges the allegations set forth above.

76. Defendant's violations of the Employment Laws and Regulations as alleged herein, including Defendant's failure and refusal to indemnify Plaintiff and the Class appropriately for necessary automobile expenses they incurred and Defendant's failure to pay minimum wages to Plaintiff and the Class constitute unfair business practices in violation of California Business & Professions Code § 17200, et seq.

77. As a result of Defendant's unfair business practices, Defendant has reaped unfair benefits and illegal profits at the expense of Plaintiff, the Class, and the public. Defendant should be made to disgorge its ill-gotten gains and

restore such monies to Plaintiff and the Class.

78. Defendant's unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendant account for, disgorge and restore to Plaintiff and the Class the compensation and reimbursement unlawfully withheld from them. WHEREFORE, Plaintiff and the Class demand judgment against Defendant and request: (1) disgorgement of profits garnered as a result of Defendant's unlawful failure to indemnify necessary, automobile expenses and pay minimum wages and other compensation earned; (2) restitution under Business & Professions Code § 17200, et seq.; (3) permanent injunctive and declaratory relief under Business & Professions Code § 17200, et seq.; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all causes of action and/or all issues so triable.

DATED: March 24, 2015                               Respectfully submitted,

| | |
|---|---|
| **PAUL McINNES LLP** | **WATTS GUERRA LLP** |
| Richard M. Paul III | |
| (*pro hac vice* forthcoming) |    /s/ *Ryan Thompson* |
| paul@paulmcinnes.com | Ryan Thompson (#296841) |
| Jack D. McInnes (*pro hac vice* forthcoming) | rthompson@wattsguerra.com |
| | WATTS GUERRA LLP |
| mcinnes@paulmcinnes.com | 525 South Douglas Street, Suite 260 |
| 601 Walnut Street, Suite 300 | El Segundo, California 90245 |
| Kansas City, Missouri 64106 | Telephone: (424) 220-8141 |
| Telephone:  (816) 981-8100 | Facsimile: (424) 732-8190 |
| Facsimile:  (816) 981-8101 | |

**WEINHAUS & POTASHNICK**
Mark A. Potashnick
(*pro hac vice* forthcoming)
11500 Olive Blvd., Suite 133
St. Louis, Missouri  63141
Telephone: (314) 997-9150
Facsimile:   (314) 997-9170
markp@wp-attorneys.com

**ATTORNEYS FOR PLAINTIFFS**